UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COREY P. BRIGHT,<br><br>Defendant. | CAUSE NO. 1:18-cr-99 DRL-SLC |

OPINION & ORDER

Corey Bright filed a motion to suppress self-incriminating statements he made to law enforcement during two interviews. Magistrate Judge Susan Collins recommended denying the motion. Mr. Bright presents two objections to that recommendation. The court now overrules his objections, adopts the recommendation, and denies the motion to suppress.

Mr. Bright presents his two objections in one sentence. First, he says he was handcuffed to the hospital bed when he was interrogated by law enforcement, though he never specifies which time. Second, he says law enforcement never mirandized him before asking him questions. These objections may suitably present issues for *de novo* review, *see Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999) (party is only required to "specify each issue for which review is sought and not the factual or legal basis of the objection"), but the court won't further develop his points, *see Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010).

Mr. Bright's argument that he was handcuffed to the hospital bed contradicts sound evidence within the record that more than supports the magistrate judge's finding that he wasn't handcuffed, either on June 3 or June 4, 2018 (Tr. 11-12, 29-30, 36-38, 50). Mr. Bright offered no evidence at the evidentiary hearing or argument now to show this finding erroneous. In addition, his position on review seems to contradict his statement in briefing that he "does not argue that [any] physical

constraint was a result of any police actions," merely his inability to move because of his physical condition (ECF 67 at 4, 6). He cannot pivot to offer new argument now. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000); *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988). The court overrules this objection.

Mr. Bright also claims he was "not mirandized when he was interrogated by authorities." Because Mr. Bright received *Miranda* warnings before the June 4, 2018 interview (Tr. 41, 50), the court reads his objection as only challenging the interview on June 3, 2018.

*Miranda* warnings are only required when law enforcement seeks to introduce statements made during a "custodial interrogation." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). A person is "in custody" for purposes of *Miranda* when his "freedom of action is curtailed to a degree associated with formal arrest." *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984) (citations omitted). This is an objective inquiry that looks at the following factors: "location of the questioning, its duration, statements made during the interview, the presence or absence of physical restraints during the questioning, and the release of the interviewee at the end of the questioning." *Howes v. Fields*, 565 U.S. 499, 509 (2012) (citations omitted). As the magistrate judge correctly pointed out, no *Miranda* warnings were required during the June 3 interview because Mr. Bright wasn't in custody.

The June 3 questioning took place at a hospital and lasted only 45 minutes. *See Yarborough v. Alvarado*, 541 U.S. 652, 664-65 (2004) (2-hour interview not custodial); *Stechauner v. Smith*, 852 F.3d 708, 715 (7th Cir. 2017) (questioning an injured suspect for 90 minutes in a hospital deemed not custodial). The two officers were in plain clothes; though armed, they never showed their weapons. *See United States v. Ruiz*, 785 F.3d 1134, 1145 (7th Cir. 2015) (no custody when officers in plain clothes and displayed no weapons or force); *see also Stechauner*, 852 F.3d at 715 (no custody even when three officers present and one was in full uniform). Mr. Bright wasn't handcuffed or confined outside of his self-inflicted gunshot wound. *Stechauner*, 852 F.3d at 716; *see United States v. Jamison*, 509 F.3d 623, 632

2

(4th Cir. 2007) (no police custody when a suspect "was primarily restrained not by the might of the police, but by his self-inflicted gunshot wound [and] the medical exigencies it created"). There is no evidence that Mr. Bright couldn't have terminated the interview at any time, nor did law enforcement say he was under arrest, even at the end of questioning. *See Stechauner*, 852 F.3d at 715. Law enforcement officers discussed with him the possibility of cooperation, but they made it clear that they had no power to grant him immunity or benefits, so his statements weren't coerced by false promises. *See United States v. Costello*, 750 F.2d 553, 555 (7th Cir. 1984). He appeared awake and lucid. That law enforcement warned him of the potential penalties for lying to an officer isn't coercion. *Dowell v. Lincoln Cty.*, 762 F.3d 770, 776 (8th Cir. 2014) ("An officer . . . may make a truthful statement regarding a possible punishment without it overbearing a defendant's will."); *United States v. Braxton*, 112 F.3d 777, 782-83 (4th Cir. 1997) (*en banc*). The totality of the circumstances shows Mr. Bright wasn't in custody at the time of the June 3 interview, so *Miranda* warnings weren't required. The court overrules his second objection.

    Accordingly, the court ADOPTS the well-supported and well-reasoned report and recommendation of the magistrate judge (ECF 70) and DENIES the motion to suppress (ECF 45).

    SO ORDERED.

August 26, 2020                                 *s/ Damon R. Leichty*
                                                        Judge, United States District Court